**FILED**
**Nov 20, 2020**
**09:37 AM(CT)**
**TENNESSEE COURT OF
WORKERS' COMPENSATION
CLAIMS**



### TENNESSEE BUREAU OF WORKERS' COMPENSATION
### IN THE COURT OF WORKERS' COMPENSATION CLAIMS
### AT NASHVILLE

| | | |
|---|---|---|
| **KIMBERLY GRIMES,** | ) | **Docket No. 2019-06-1960** |
| **Employee,** | ) | |
| **v.** | ) | |
| | ) | |
| **YRC, INC.,** | ) | **State File No. 60942-2018** |
| **Employer,** | ) | |
| | ) | |
| **OLD REPUBLIC INSURANCE** | ) | |
| **COMPANY,** | ) | **Judge Joshua Davis Baker** |
| **Carrier.** | ) | |

_____

### EXPEDITED HEARING ORDER
_____

Ms. Grimes requested additional medical benefits for a right-shoulder injury. YRC opposed the request, arguing her need for additional treatment, specifically shoulder-replacement surgery, stems from preexisting "end-stage" arthritis rather than her work injury. After hearing the proof by video conference on November 19, 2020, the Court denies Ms. Grimes's claim for additional medical benefits.

### Claim History

Ms. Grimes injured her right shoulder and biceps tendon while pulling a dock plate at YRC on August 12, 2018. YRC accepted the claim, and Ms. Grimes selected Dr. Blake Garside from a panel of physicians.

Dr. Garside operated on Ms. Grimes to correct a rotator cuff tear, repair her biceps tendon, and remove some "loose bodies" from her shoulder. Due to "end-stage" shoulder arthritis, meaning bone-on-bone, Dr. Garside said Ms. Grimes needed a shoulder replacement. He said that while the arthritis "could have" contributed to her rotator cuff tear, her need for the shoulder replacement arose from the arthritis, not the work accident and attendant surgery.

Ms. Grimes also saw Dr. Garside's partner, Dr. Ronald Glenn, both before and after her surgery. In fact, Dr. Glenn ordered that Ms. Grimes receive bilateral steroid injections to treat arthritis in both her shoulders fewer than six months before her August 2018 work accident. When she saw him after her surgery, Dr. Glenn told Ms. Grimes she "may have developed some stiffness" in her shoulder from the surgery and recommended joint replacement. When asked directly whether he agreed with Dr. Garside's conclusion that Ms. Grimes's need for shoulder-replacement surgery resulted from preexisting arthritis, he answered, "yes."

At the hearing, Ms. Grimes admitted she had right-shoulder pain before the accident. However, she maintained that she was able to perform her regular work duties until the surgery. After surgery, she continued to have pain and mobility problems with her shoulder but worked briefly for a few other employers and was working for another trucking company at the time of this hearing.

**Findings of Fact and Conclusions of Law**

Ms. Grimes must show she would likely prevail at a final hearing in proving that shoulder-replacement surgery is reasonable and necessary treatment for her workplace injury. *See* Tenn. Code Ann. § 50-6-239(d)(1) (2019). As no physician said shoulder replacement was reasonable and necessary for treatment of her workplace injury, Ms. Grimes has not carried her burden of proof at this time.

Tennessee law requires an employer to provide "free of charge to the employee such medical and surgical treatment . . . made reasonably necessary by accident[.]" Tenn. Code Ann. § 50-6-204(a)(l)(A). For surgical treatment to be reasonable and necessary, it must be shown "to a reasonable degree of medical certainty" that the work accident "contributed more than fifty percent" in causing the need for the surgery. *See id*. at § 50-6-102(14)(C).

Ms. Grimes has the burden of proving her need for shoulder-replacement surgery is reasonable and necessary for treatment of her workplace injury. She cannot prove reasonable medical necessity without an expert opinion showing a causal connection between her workplace accident and the need for the surgery. *See Thomas v. Aetna Life & Cas. Co.*, 812 S.W.2d 278, 283 (Tenn. 1991) ("Medical causation and permanency of an injury must be established in most cases by expert medical testimony.").

Here, neither Dr. Garside nor Dr. Glenn attributed Ms. Grimes's need for shoulder-replacement surgery to her work injury. Rather, both said she needs the surgery due to her preexisting "end-stage" arthritis. While Dr. Glenn testified that she likely developed some post-surgical stiffness, he answered unequivocally that her need for shoulder-replacement surgery stemmed from her preexisting arthritis rather than her work injury. Ms. Grimes did not offer a countervailing medical opinion to rebut those of Drs. Garside and Glenn.

2

Accordingly, Ms. Grimes would not likely prevail at a trial on the merits in proving shoulder-replacement surgery is reasonable and necessary to treat her work injury.

**IT IS ORDERED** as follows:

1. The Court denies Ms. Grimes's requested relief at this time.

2. The Court sets this claim for a status conference on **January 25, 2021, at 8:30 a.m. (CST).** The parties must call (615) 741-2113 or toll-free at (855) 874-0474 to participate. Failure to call might result in a determination of the issues without the party's participation.

**ENTERED November 20, 2020.**

_____
**Judge Joshua Davis Baker**
**Court of Workers' Compensation Claims**

**APPENDIX**

Exhibits:

1. Medical records
2. Ms. Grimes's affidavit
3. Dr. Glenn's deposition transcript
4. Dr. Garside's deposition transcript
5. Mr. Bacon's affidavit

Technical Record:

1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing

## CERTIFICATE OF SERVICE

I certify that a copy of this Order was sent as indicated on November 20, 2020.

| Name | Certified Mail | Via Fax | Via Email | Email Address |
|---|---|---|---|---|
| Samuel Morris, Employee's Attorney | | | X | smorris@gmlblaw.com, lbelt@gmlblaw.com |
| Stephen Heard, Employer's attorney | | | X | skheard@cclawtn.com, chspivey@cclawtn.com |

_____

**Penny Shrum, Court Clerk**
wc.courtclerk@tn.gov

5



<u>Expedited Hearing Order Right to Appeal</u>:

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board.  To appeal an expedited hearing order, you must:

1. Complete the enclosed form entitled: "Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed.  When filing the Notice of Appeal, you must serve a copy upon all parties.

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal.  Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service.  In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee.  You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal.  **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3. You bear the responsibility of ensuring a complete record on appeal.  You may request from the court clerk the audio recording of the hearing for a $25.00 fee.  If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal.  Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal.  The statement of the evidence must convey a complete and accurate account of the hearing.  The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board.  If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence.  The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement.  All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



# NOTICE OF APPEAL
Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

Docket No.: _____

State File No.: _____

Date of Injury: _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____     ☐ Motion Order filed on _____

☐ Compensation Order filed on _____     ☐ Other Order filed on _____

issued by Judge _____.

## Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

## Parties

**Appellant(s)** (Requesting Party): _____ ☐ Employer ☐ Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐ Employer ☐ Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 ____.

_____
*[Signature of appellant or attorney for appellant]*